J-S04011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. KRAVITZ, | |
| Appellant | No. 2484 EDA 2016 |

Appeal from the Judgment of Sentence July 8, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006757-2014

BEFORE: SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 10, 2017**

Appellant, Michael A. Kravitz, appeals from the judgment of sentence imposed on July 8, 2016, in the Delaware County Court of Common Pleas following the revocation of Appellant's parole on the charge of simple assault. Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. Appellant has not filed a *pro se* response to counsel's petition to withdraw. Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows. Appellant entered a negotiated guilty plea to simple assault graded as a second degree misdemeanor and was sentenced on December 15, 2014, to incarceration for three to twenty-three months. Appellant was granted parole. Appellant violated the terms of his parole, and following a *Gagnon II*[1] hearing on July 8, 2016, was sentenced to full back time of 534 days. The court granted parole upon Appellant's completion of a county prison program, Prep II. This timely appeal followed.

Before we address any question raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). *See Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (stating, "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

_____

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1978). Inquiry by our prothonotary's office to the trial court revealed that there are no notes of testimony for the July 8, 2016 *Gagnon II* hearing or for any other proceeding. We have utilized, *inter alia*, the *Gagnon II* hearing report of the parole agent dated June 15, 2016, that was presented to the court on July 8, 2016.

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to [his client]; and 3) advise [his client] that he or she has the right to retain private counsel or raise additional arguments that the [client] deems worthy of the court's attention.

*Cartrette*, 83 A.3d at 1032 (citation omitted).

In addition, our Supreme Court, in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stated that an ***Anders*** brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  The Supreme Court reaffirmed the principle that indigents "generally have a right to counsel on a first appeal, [but] . . . this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing such an appeal."  *Id*. at 357 (citation omitted).  The Court stated:

In the Court's view, this distinction gave meaning to the Court's long-standing emphasis on an indigent appellant's right to "advocacy." . . . As the Court put it, "although an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's

- 3 -

interests, evaluate his case and attempt to discern nonfrivolous arguments."

*Santiago*, 978 A.2d at 357–358 (citation omitted).

Counsel has substantially complied with the requirements for withdrawal outlined in *Anders* and *Santiago*. Specifically, counsel requested to withdraw based upon his determination that the appeal is "wholly frivolous," and he stated his reasons for that conclusion with appropriate support. Application to Withdraw Appearance, 10/24/16, at ¶ 3. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his motion. Counsel states that he informed Appellant that he has filed a motion to withdraw and an *Anders* brief, and he apprised Appellant of his rights in light of the motion to withdraw as counsel. Thus, Appellant's appellate counsel has satisfied the requirements of *Anders* and *Santiago*. Moreover, our review of the record reveals no correspondence from Appellant supplementing the *Anders* brief. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

In the *Anders* brief, counsel presents the following issue for our review: "Whether Appellant's sentence was harsh and excessive and an abuse of discretion in light of the facts of the present case?" *Anders* Brief at 3. Counsel asserts that Appellant should not "suffer a total confinement sentence since the underlying case was a misdemeanor, he had developed no new case, and had successfully completed 17 months on the street." *Anders* Brief at 6. Appellant maintains that his seventeen months "on the

street" do not indicate "that he might have committed other crimes if released." *Id*. He suggests that because the underlying case was not a felony, "less than total confinement may not have depreciated the seriousness of the simple assault." *Id*.

Our review of a parole-revocation hearing and concomitant sentence is well established:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 429 Pa. Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id*. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id*. . . .
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. . . .
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. **Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence**. *Id*.
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. [*Commonwealth v.*] *Galletta*, 864 A.2d [532,] 539 [(Pa. Super. 2004)]. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. *Id*. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for [the] sentence on the record. *Commonwealth v. Shimonvich*, 858

> A.2d 132, 135 (Pa. Super. 2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. ***Id***.

***Commonwealth v. Kalichak***, 943 A.2d 285, 290–291 (Pa. Super. 2008) (emphasis added).

First, we note the grading of the underlying offense is irrelevant. As the ***Kalichak*** Court explained, "[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." ***Id***. at 290. Likewise, Appellant's claim that his sentence was harsh and excessive invokes a challenge to the discretionary aspects of sentencing, an issue that is not appropriate in an appeal from a parole revocation sentence. ***Id***. at 291. Accordingly, we conclude Appellant has failed to present any viable claim for our review.

We agree with counsel's assessment that this appeal is wholly frivolous. Thus, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2017