J-S42002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARRETT TERELL EDWARDS | |
| Appellant | No. 1808 MDA 2016 |

Appeal from the Order Entered September 14, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003591-2011

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 10, 2017**

Appellant, Jarrett Terell Edwards, appeals from the judgment of sentence entered on September 14, 2016, following the revocation of his county parole.  In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We summarize the relevant factual background and procedural history as follows.  On January 9, 2013, Appellant pled guilty to driving under the

influence (DUI) - highest rate and DUI - general impairment[1] and received a sentence of 72 hours to 6 months' confinement. Confronted for the fourth time with allegations that he violated the terms of his parole, Appellant waived his *Gagnon I* hearing and proceeded directly to a revocation hearing on September 14, 2016. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The terms of Appellant's parole required that he report in person to his supervising officer at designated times and places, request and obtain permission to change his residence, attend Alcohol and Highway Safety Driving School, and obey the law. *See* Trial Court Opinion, 11/17/16, at 1-2. The record developed at Appellant's September 14, 2016 revocation hearing established that Appellant violated his parole by failing to report to his supervising officer during July 2016, failing to report a change of address, testing positive for alcohol consumption at a highway safety class on July 23, 2016, and pleading guilty to possession of marijuana. *Id.*; N.T. Revocation Hearing, 9/14/16, at 2-5. In view of these violations, the Luzerne County Office of Probation and Parole asked the trial court to revoke Appellant's parole and remand him to serve the maximum term of his sentence in confinement. *Id.* at 4-5. The trial court revoked Appellant's

---

[1] 75 Pa.C.S.A. §§ 3802(c) and 3802(a)(1), respectively. Both charges represented Appellant's first DUI offenses. The Commonwealth withdrew certain summary offenses following the entry of Appellant's guilty plea.

parole, reset the maximum date of his sentence to October 14, 2016,[2] and ordered that he remain incarcerated until that date.

Appellant did not file a post-sentence motion. Instead, Appellant, still represented by the public defender's office, filed a *pro se* notice of appeal dated September 21, 2016.[3] On October 4, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). When no concise statement was forthcoming, the court issued an opinion on November 17, 2016 finding that Appellant waived appellate review of his claims. **See** Trial Court Opinion, 11/17/16, at 3. At the direction of this Court, the trial court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) on February 7, 2017. After that hearing, the court denied a pending petition to withdraw filed by trial counsel and ordered the public

_____

[2] The court did not resentence Appellant. Instead, based upon our review of the record, the court simply adjusted Appellant's maximum sentencing date to reflect credit for time served for this offense.

[3] Appellant's notice bears a date-stamp showing its receipt by the clerk of courts on November 1, 2016. The trial court's docket also reflects November 1, 2016 as the filing date for Appellant's notice. The notice, however, bears a "received" stamp at the top of the page with "9-27-16" handwritten in the blank that is provided. In addition, the trial court's October 4, 2016 order directing Appellant to file a concise statement under Pa.R.A.P. 1925(b) states that Appellant filed his notice of appeal "on or about September 27, 2016[.]" Since September 27, 2016 falls within 30 days of Appellant's judgment of sentence, we shall treat Appellant's notice of appeal as timely filed.

defender to continue to represent Appellant on appeal. On March 27, 2017, Appellant's counsel filed, *nunc pro tunc*, a concise statement declaring that there were no non-frivolous issues to address on appeal. *See* Pa.R.A.P. 1925(c)(4). On April 6, 2017, the trial court accepted the *nunc pro tunc* March 27, 2017 filing. The matter is now ripe for our review.

The ***Anders*** brief raises one issue for our consideration:

> Whether the trial court abused its discretion in revoking Appellant's parole and [re]committing him to a term of total confinement?

***Anders*** Brief at 1.

"When presented with an ***Anders*** brief, [we] may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010), *citing* ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). We must first determine whether counsel completed the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013). Court-appointed counsel must satisfy certain requirements to withdraw under ***Anders***.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the [appellant] and advise him of his right to retain new counsel

or to himself raise any additional points he deems worthy of [our] attention.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting Santiago*, 978 A.2d at 361.  In the submitted *Anders* brief, counsel must

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Washington*, 63 A.3d at 800, *quoting Santiago*, 978 A.2d at 361.

If counsel meets these requirements, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is wholly frivolous."  *Santiago*, 978 A.2d at 355 n.5, *citing Commonwealth v. McClendon,* 434 A.2d 1185, 1187 (Pa. 1981).   Counsel will be permitted to withdraw if both the procedural and substantive requirements are satisfied.   In addition, we "must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).  In the case at bar, we find counsel has met

all the above requirements.[4]  We now turn to the issue raised in the ***Anders*** brief.

Counsel's ***Anders*** brief points out that Appellant was honest with his driving safety instructor about his consumption of alcohol, that this was Appellant's first positive breathalyzer in six years, and that Appellant was unable to report to his parole officer in July 2016 because he could not depart early from his job.  ***Anders*** Brief at 4.

> The purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order.  [***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993).]  The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion.  ***Id***. at 937.  In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.  ***Commonwealth v. Galletta***, 864 A.2d 532, 539 (Pa. Super. 2004).
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement.  ***Mitchell***, 632 A.2d at 936.

***Commonwealth v. Kalichak***, 943 A.2d 285, 290-291 (Pa. Super. 2008).

After an independent review of the entire record, we see nothing that might arguably support this appeal.  The issues raised in the ***Anders*** brief are patently frivolous and Appellant's guilty plea to marijuana possession

---

[4] Appellant has not responded to the petition to withdraw as counsel.

represents an uncontested justification for revocation and recommitment. This is especially so in the context of a fourth revocation proceeding. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2017