J-A18025-18, J-A18026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| SHADE DEISHAWN SMALLWOOD | : | |
| Appellant | : | No. 714 EDA 2018 |

Appeal from the Judgment of Sentence January 10, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000944-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| SHADE DEISHAWN SMALLWOOD | : | |
| Appellant | : | No. 715 EDA 2018 |

Appeal from the Judgment of Sentence January 10, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001451-2015

BEFORE:   STABILE, J., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 11, 2018**

Appellant Shade Deishawn Smallwood appeals from the judgments of sentence entered after the Court of Common Pleas of Delaware County revoked his parole and probation at two separate dockets.[1]  Appellant argued that the lower court abused its discretion in recommitting Appellant to serve

_____

[1] We consolidate these actions *sua sponte* pursuant to Pa.R.A.P. 513.

_____
\* Former Justice specially assigned to the Superior Court.
\*\* Retired Senior Judge assigned to the Superior Court.

backtime that Appellant considers to be harsh and excessive. Counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and an accompanying brief. We grant counsel's petition to withdraw and affirm the judgments of sentence.

On October 8, 2015, Appellant pled guilty to Access Device Fraud[2] at docket CP-23-CR-0001451-2015 and was sentenced to time served to twenty-three months of incarceration. On April 18, 2016, Appellant pled guilty to a separate count of Access Device Fraud and Criminal Conspiracy[3] at docket CP-23-CR-0000944-2016 and was sentenced to time served to twenty-three months along with a consecutive one-year probation term on the Access Device Fraud charge and a concurrent five-year probation term on the Conspiracy charge.

After Appellant had been paroled at each docket and was serving the probationary sentence on the Conspiracy charge at docket number 944-2016, Appellant was convicted in Lancaster County on August 22, 2017, of another charge of Access Device Fraud at docket CP-36-CR-0001867-2017.

As a result of this conviction, the lower court held a revocation hearing on January 10, 2018. Appellant stipulated that his recent Lancaster County conviction constituted a violation of his Delaware County parole and probation, but argued that he should receive a lenient sentence without reincarceration as he had been gainfully employed at two jobs and had been consistently

---

[2] 18 Pa.C.S.A. § 4106(A)(1)(i).
[3] 18 Pa.C.S.A. § 903.

paying his restitution and court costs for the previous Delaware County convictions.

On docket 1451-2015, the lower court revoked Appellant's parole and sentenced him to full backtime of 650 days with reparole after 90 days. On docket 944-2016, the lower court revoked Appellant's parole on the Access Device Fraud charge and sentenced him to full backtime of 622 days with parole after 202 days and reimposed Appellant's consecutive term of one year of probation. In addition, the lower court revoked Appellant's probation on the conspiracy charge and sentenced him to a concurrent five year term of probation. Appellant's sentences on the separate Delaware dockets were set to run concurrently. Appellant filed separate notices of appeal for each docket.

In this case, Counsel has filed an *Anders* brief and a petition to withdraw. When counsel files an *Anders* brief, this Court may not review the merits of the appeal without first addressing counsel's request to withdraw. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa.Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw[]") (citation omitted). To withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa.Super. 2009)). Moreover, counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa.Super. 2005).

We further review Counsel's *Anders* brief for compliance with the requirements set forth in *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 178-79, 978 A.2d at 361.

Counsel asserts that he has made a thorough review of the record and determined the appeal is wholly frivolous. Counsel has attached to the petition to withdraw a copy of the letter sent to Appellant, enclosing a copy of his *Anders* brief and advising Appellant of his right to retain private counsel or to proceed *pro se*. Hence, we conclude that Counsel has complied with the procedural *Anders* requirements.

Therefore, we first proceed to examine the issue counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings,

to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, ___A.3d___, 2018 WL 2346441, at *4 (Pa.Super. filed May 24, 2018) (*en banc*) (quotation omitted).[4] Counsel's **Anders** brief in both cases raises the issue of "whether the aggregate term of 650 days back time was harsh and excessive under the circumstances." **Anders** Brief at 3.[5]

We initially point out that the lower court's decision to sentence Appellant to backtime was based upon the revocation of Appellant's parole at both dockets. This Court has set forth the following law relevant to the revocation of parole:

> *Revocation of Parole.* Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. **Commonwealth v. Mitchell**, 429 Pa.Super. 435, 632 A.2d 934,

---

[4] In **Yorgey**, an *en banc* panel of this Court relevantly held:

> [W]e must give **Anders** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel. . . .[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

**Yorgey**, 2018 WL 2346441, at *5 (citation omitted).

[5] In addition, counsel makes a bald assertion that the sentencing procedure at Appellant's revocation hearing may have been "defective," but does not develop any additional argument to support this claim. "The failure to develop an adequate argument in an appellate brief may also result in waiver of the claim." **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa.Super. 2007) (citation omitted).

936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id.* Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id.* At some point thereafter, the defendant may again be paroled. *Id.*[6]

> [FN6:] Plainly, we are speaking of cases where the authority to grant and revoke parole is in the hands of the original sentencing court. Such cases occur when the maximum term of the original sentence involves incarceration of less than two years. *Commonwealth v. Tilghman*, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995); 61 P.S. § 331.26. When the sentence actually imposed on a defendant includes a maximum term of two years or more, the authority to parole rests not with the sentencing court but with the Pennsylvania Board of Probation and Parole. *Tilghman*, 652 A.2d at 391; 61 P.S. §§ 331.17, 331.21.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole. *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa.Super.2004).

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. *Id.*

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. *Galletta*, 864 A.2d at 539. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation

> appeal. *Id.* Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. *Commonwealth v. Shimonvich,* 858 A.2d 132, 135 (Pa.Super.2004). Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. *Id.*

*Commonwealth v. Kalichak*, 943 A.2d 285, 289–91 (Pa.Super. 2008).

As noted above, Appellant conceded that his Lancaster County conviction constituted a legally sufficient basis to revoke his parole at both Delaware County dockets in this case. Instead, Appellant characterizes the lower court's recommitment of Appellant to serve his backtime as being harsh and excessive in light of his purported mitigating circumstances. Although Appellant attempts to attack the discretionary aspects of a sentence, this is not a proper attack on a parole revocation as "the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." *Kalichak*, *supra*.

Accordingly, we agree that this appeal is wholly frivolous, grant counsel's petition to withdraw, and affirm the judgments of sentence.

Petition to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/18

- 7 -