J-S14044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT W PROFETO | : | |
| | : | |
| Appellant | : | No. 2728 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 22, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004489-2016

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                        **FILED APRIL 02, 2019**

Robert W. Profeto (Profeto) appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County (trial court) after his parole was revoked.  Counsel has petitioned to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  The sole issue in the brief is that the trial court imposed an excessively harsh prison sentence of one year.  We grant counsel's petition and affirm the judgment of sentence.

**I.**

In September 2016, Profeto pleaded guilty to possession of drug paraphernalia.  He received a negotiated sentence of one year of probation.  After his probation was revoked due to a violation, Profeto was sentenced to a prison term of four to twelve months.  Before completing that sentence, Profeto was released on parole, the conditions of which required him to report weekly to the Office of Probation and Parole, refrain from substance

_____

* Retired Senior Judge assigned to the Superior Court.

possession and abuse, submit to drug testing, pay court costs and fees, and complete outpatient therapy for substance abuse.

At a parole violation hearing held in August 2018, a member of the Office of Probation and Parole testified that Profeto had failed to report on five occasions and did not submit to drug testing or make any payments toward his court costs and fees. Profeto explained that he had only failed to report on days when he was either in the hospital or in jail. The trial court found Profeto in violation of his parole conditions and ordered him to serve the previously imposed sentence with full credit for backtime. Profeto timely appealed.

Profeto's appellate counsel, Patrick J. Connors, Esq., has petitioned to withdraw from representation in this appeal and has submitted a brief pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Before we address the merits of the issue raised in the brief, we must first rule on counsel's petition. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

## II.

**Anders** requires court-appointed appellate counsel to "petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2012)

- 2 -

(quoting **Santiago**, 978 A.2d at 361). Counsel must then file an **Anders** brief which includes the following contents:

(1) a summary of the procedural history and facts, with citations to the record;
(2) reference to anything in the record that counsel believes arguably supports the appeal;
(3) counsel's conclusion that the appeal is frivolous; and
(4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

When an **Anders** brief is filed, counsel must furnish a copy to the client.

**Commonwealth v. Orellana**, 86 A.3d 877, 879–80 (Pa. Super. 2014).

Counsel must also attach a letter to the brief advising of the right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise additional meritorious issues that the appellant deems worthy of the court's attention but which were not included in the **Anders** brief. **Id.**

In this case, counsel stated in the petition to withdraw that he reviewed the file and the record, advised Profeto of his appellate rights, and notified Profeto of the petition's filing. As to the other requirements for the **Anders** brief which have been enumerated above, we find that counsel has substantially complied. Counsel summarized the pertinent case facts and procedural history. Profeto was furnished with a copy of the brief which outlines parts of the record which might arguably support the appeal. Counsel

explained in the brief why those grounds are wholly frivolous, warranting counsel's withdrawal. The petition to withdraw is, therefore, granted.

**III.**

Once a reviewing court concludes that counsel has met the technical obligations to withdraw, the court must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. The issue raised in the present **Anders** brief is whether the trial court erred in ordering Profeto to serve a prison term of one year upon a violation of parole. (Brief of Appellant at p. 8.) We agree with counsel that this claim is frivolous.

Generally, when a defendant's parole is revoked and a defendant is recommitted into custody, the severity of the sentence is not subject to review. **Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008); **see also** 42 Pa.C.S. § 9776(e). Upon ruling that a violation was committed, the trial court only has authority to recommit a parolee back into custody; the court has no power to impose a new sentence because the previously imposed sentence remains in effect. **See Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. 1993).[1]

_____

[1] Were the present case to involve a challenge to the length of the sentence, the issue would be one of judicial discretion, which "is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). To assess whether this Court has jurisdiction to reach the merits of a such a claim, we would first have to consider, among other

"[A] defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal." *Id.* The only question in such an appeal is whether the trial court erred as a matter of law in ordering the revocation. *Id.* "In order to support a revocation of parole, the Commonwealth has to prove, by a preponderance of the evidence, that a parolee violated his parole." *Id.* A violation is not necessarily a commission of a new crime, as even non-compliance with parole conditions, such as failing to report, may warrant revocation. *Id.*

Here, the evidence supports the trial court's finding that Profeto violated the terms of his parole. He failed to report and submit to drug testing as the conditions required. He failed to make payments toward his court costs and fees. These are valid grounds for revocation. Upon revoking Profeto's parole, the court recommitted him in accordance with the previously imposed sentence just as the law required. Thus, we agree with Counsel that this appeal is wholly frivolous, and our independent review of the record shows that there are no issues of arguable merit which would entitle Profeto to relief.

Petition to withdraw granted. Judgment of sentence affirmed.

_____

things, whether "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b)." *Id.* 815-16. Because the revocation of parole and recommitment of Profeto into custody does not an involve a discretionary aspect of sentencing, we do not need to address the jurisdictional question of whether this appeal poses a "substantial question." *See Mitchell*, 632 A.2d at 936 ("an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.").

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/2/19