J-S35044-19
J-S35045-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TETHELMA WILLIM TOLBERT, | : | |
| | : | |
| Appellant | : | No. 103 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 28, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000044-2017

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TETHELMA WILLIM TOLBERT, | : | |
| | : | |
| Appellant | : | No. 109 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 28, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005507-2017

BEFORE:   OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 27, 2019**

Tethelma Willim Tolbert (Appellant) appeals from the judgment of sentence entered on November 28, 2018, following the revocation of her probation and parole at two separate docket numbers.[1]  Appellant's counsel

---

[1] Appellant filed two separate notices of appeal.  Because these cases are interrelated and the issue identified in each appeal is identical, we consolidate
*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

We provide the following background. At Docket 44 of 2017, Appellant pleaded guilty to terroristic threats and was sentenced to time served to 23 months of incarceration, followed by one year of probation. At Docket 5507 of 2017, Appellant pleaded *nolo contendere* to disorderly conduct and was sentenced to time served to 12 months of incarceration.

On November 28 2018, Appellant appeared for a **Gagnon II**[2] hearing regarding potential revocation of her probation and parole at Docket 44 of 2017 and her parole at Docket 5507 of 2017. The alleged violations were Appellant's new conviction and a technical violation for failure to make

_____
*(Footnote Continued)* ————————

the appeals. **See** Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

[2]

> When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made.

**Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa. Super. 2001) (citations omitted).

meaningful payments towards her costs and fines. The trial court revoked Appellant's probation and parole at Docket 44 of 2017, and, consistent with the recommendation of the Office of Adult Probation and Parole, sentenced her to back time of 500 days of incarceration, with parole after three months, followed by one year of probation. The trial court also revoked Appellant's parole at Docket 5507 of 2017 and sentenced her to back time of 236 days of incarceration, with parole after three months, to be served concurrent with the period of incarceration imposed at Docket 44 of 2017.

Appellant did not file a post-sentence motion. This timely-filed appeal followed.[3] In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to

---

[3] Counsel filed a statement of intent to file an **Anders** brief, consistent with Pa.R.A.P. 1925(c)(4). In response, the trial court transmitted the record to this Court in lieu of a substantive Pa.R.A.P. 1925(a) opinion.

> withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm …. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations and unnecessary capitalization omitted). Our Supreme Court has

clarified portions of the **Anders** procedure as follows.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has complied substantially with the

technical requirements set forth above.[4] We first consider the issue raised

by counsel, and then have the responsibility "to conduct a simple review of

the record to ascertain if there appear on its face to be arguably meritorious

issues that counsel, intentionally or not, missed or misstated."

---

[4] Appellant has not filed a response to counsel's motion.

*Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

The sole issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court abused its discretion in sentencing Appellant to an excessive aggregate sentence of incarceration for her parole violations.[5]  Specifically, Appellant contends that she should have been sentenced to immediate parole in light of her anxiety and need to care for her children.  *Anders* Brief at 3, 7.  We agree with counsel that such a claim is frivolous, but for different reasons.

A discretionary-aspects-of-sentencing claim is not a cognizable claim following a parole revocation because an "order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed."  *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993) (citation omitted).  "The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is to recommit to jail[.]  There is no authority for giving a new sentence with a minimum and maximum."  *Id.* (citations and quotation marks omitted).

> Accordingly, an appeal of a parole revocation is not an appeal of
> the discretionary aspects of sentence.

---

[5] Appellant does not challenge her probation violation sentence of one year of probation.  Rather, she is only concerned with her sentences of incarceration, which resulted from her parole violations.

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (citations omitted).

Because Appellant's purported attack on the discretionary aspects of her parole revocation sentence is not a cognizable claim, it is wholly frivolous. *See id.* at 292-93. The sole issue that Appellant could potentially raise regarding her parole revocation sentence "is whether the trial court erred, as a matter of law, in revoking [her] parole and committing [her] to a term of total confinement. In order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evidence, that a parolee violated [her] parole." *Mitchell*, 632 A.2d at 936.

While the record before us does not contain details of Appellant's new conviction, the *Gagnon II* hearing transcript confirms that Appellant was convicted in a new case and sentenced to a term of incarceration of time served to 23 months. *See* N.T., 11/28/2018, at 6. The trial court revoked Appellant's parole based upon this new conviction and a technical violation. Because a new conviction is sufficient grounds for the trial court to revoke parole and recommit Appellant, any claim challenging her parole revocation is likewise wholly frivolous. *Kalichak*, 943 A.2d at 293.

Based upon the foregoing, we agree with counsel that a challenge to Appellant's sentences of incarceration following her parole revocations is frivolous. Moreover, we have conducted "a simple review of the record" and have found no "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/19