632 A.2d 934

COMMONWEALTH of Pennsylvania,

v.

Brian MITCHELL, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 7, 1993.

Filed Nov. 1, 1993.

Patricia M. Hoban, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, KELLY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This appeal stems from an Order following a finding of violation of parole. Appellant's claim on appeal is that the parole violation order is illegal and beyond the scope permitted under 42 Pa.C.S.A. § 9771.[1] We find no merit to this contention and affirm the order of revocation of parole.

The factual background leading to the revocation of Appellant's parole and imposition of original sentence is as follows. On March 12, 1992, appellant pleaded guilty to Burglary and was sentenced to a term of incarceration of time served to twenty-three months, to be followed by one year's probation. As a condition of parole, the trial court ordered appellant to pay restitution and court costs, and to participate in an "appropriate program" as designated by the Parole/Probation Department. After he was released from prison, appellant failed to report to his parole officer. In addition, he failed to make restitution as required by the original sentence. Finally, while on parole, he was arrested six (6) times in less than a year, and, in all six cases, failed to appear for the trial listings, forcing the court to issue bench warrants.[2]

On February 22, 1993, at a violation hearing, the trial court revoked appellant's parole and recommitted him to serve the

---

1. **42 Pa.C.S.A. § 9771. Modification or revocation of order of *probation***

   (c) **Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
   (1) the defendant has been convicted of another crime; or
   (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
   (3) such a sentence is essential to vindicate the authority of the court.

2. Appellant maintains that all of the summary offenses were subsequently discharged.

balance of his original sentence.[3]   At the hearing, appellant was found to be in technical violation of his parole because of his failure to report to his parole officer, his failure to pay restitution, and finally, his arrests on several counts of summary retail thefts.   This appeal followed.

On appeal, appellant asks us to examine whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.   Appellant argues that the actions of the trial court in revoking his parole and sentencing him to a term of imprisonment are illegal and beyond the scope permitted under 42 Pa.C.S.A. § 9771(c).[4] He further contends that the applicable provisions concerning sentencing on a violation of probation mandate that a judge shall not impose a sentence of total confinement unless defendant has been convicted of another crime or if the conduct of defendant indicates that it is likely that he will commit another crime if he is not imprisoned.   Finally, appellant argues that since the summary offense of retail theft is not classified as a crime under Pennsylvania Crimes Code, 18 Pa.C.S.A. § 3929(b), it is impermissible to sentence defendant to total confinement for the alleged violation of parole based upon an arrest for a summary offense of retail theft.

Conversely, the Commonwealth argues that appellant's failure to include in his brief a Pa.R.A.P. 2119(f)[5] statement, articulating a substantial question regarding the discretionary aspects of sentencing, constitutes a waiver of his claim that the sentence was improper.   For this reason alone, the Commonwealth argues, appellate review should be declined.   In support of this contention, the Commonwealth cites *Common-*

---

**3.**   In his brief, appellant incorrectly states that the trial court imposed a term of imprisonment for a period of 11 1/2 months to 23 months as a result of his conviction for Burglary.   The record is clear that the trial judge revoked appellant's parole and ordered him to serve the balance of his original sentence.

**4.**   Appellant erroneously relies on 42 Pa.C.S.A. § 9771(c) to support his contention.   This appeal stems from a *violation of parole* order and not a *violation of probation* order.   Therefore, 42 Pa.C.S.A. § 9771(c) is inapplicable.

**5.**   Pa.R.A.P., Rule 2119, 42 Pa.C.S.A.

*wealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), *Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989), and *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 578 A.2d 429 (1990) respectively.

    ■  In reviewing Commonwealth's argument, it is necessary to examine the precise application of Pa.R.A.P. 2119(f), and the supporting case law, as it applies to violations of parole. Pa.R.A.P. 2119(f) provides, in pertinent part, that:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. (Emphasis added.)

Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *See Commonwealth v. Carter,* 336 Pa.Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a recommittal is just that—a recommittal and not a sentence. *Abraham v. Dept. of Corrections,* 150 Pa.Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail. . . ." *See Commonwealth v. Fair,* 345 Pa.Super. 61, 64, 497 A.2d 643, 645 (1985) *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645. Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing. Accordingly, Commonwealth's argument is without merit, and this appeal is properly before this court as it is not from the "discretionary aspects of a sentence." The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement. In order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evi-

dence, that a parolee violated his parole. *Commonwealth v. Smith,* 368 Pa.Super. 354, 358, 534 A.2d 120, 122 (1987), *appeal denied* 518 Pa. 639, 542 A.2d 1368 (1988). In *Smith,* the court reasoned that "the primary purpose of a parole revocation hearing is not to determine whether the parolee has, in fact, been convicted of a crime, rather its purpose is to determine whether ... parole remains a viable means of rehabilitation and deterring future antisocial conduct." *Id.* at 358, 534 A.2d at 122 *citing Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973) and *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976). Further, violations of failing to report and not residing at a given address could, alone, be cause for parole revocation. Pa.R.Crim.P. § 1409; *Commonwealth v. Smith, supra* (citations omitted). A "technical violation" of parole results from a violation of parole conditions. *Commonwealth v. McDermott,* 377 Pa.Super. 623, 629 n. 2, 547 A.2d 1236, 1238 n. 2 (1988).

■ In the instant case, the trial court concluded that appellant's blatant disregard for the conditions of his parole was quite serious. First, appellant was ordered to make restitution within (ninety) 90 days, and, in eleven months, the court concluded that he failed to make even a single payment. Moreover, the court found that he failed to pay any of his court fine of $145.00. The court further concluded that appellant never reported to the Parole/Probation Department.[6] Finally, the record indicates, while on parole, appellant was arrested six times in less than a year, and, in all six cases, failed to appear for the trial listings, forcing the court to issue bench warrants.

Clearly, to recommit appellant to jail was within the trial judge's discretion. The Commonwealth need only show, by a preponderance of the evidence, that a parolee violated the conditions of his parole. The trial court concluded that these technical violations were serious. Based on the foregoing factors, we conclude that the hearing court was correct in finding that appellant had violated his parole, and the court

6. Appellant indicates that he initially reported to the parole authorities, but no record of his parole was found.

clearly did not err, as a matter of law, in recommitting appellant.

Order Affirmed.