J-S57018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIE C. GILL, JR. | |
| Appellant | No. 3456 EDA 2016 |

Appeal from the Judgment of Sentence dated October 11, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005200-2005

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 12, 2017**

Appellant Willie C. Gill, Jr. appeals from the judgment of sentence imposed by the trial court after it conducted a ***Gagnon II*** hearing,[1] revoked Appellant's parole, and recommitted that he serve the balance of his original sentence.  We affirm.

The court set forth the factual and procedural history as follows:

On January 27, 2005, [Appellant] was charged with crimes arising from his use of the personal checks and check card of a third person repeatedly over the span of three weeks to steal $18,171.41 from Wachovia Bank.  On May 5, 2005, the matter

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).  "[W]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made."  ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240 (Pa. Super. 2009) (citations omitted).

was resolved by negotiated plea. [Appellant] pled guilty to violating 18 Pa.C.S.A. § 4106(a)(1)(i), access device fraud. The Honorable Bernard A. Moore on that date sentenced [Appellant] to four (4) years of county probation and to pay restitution to Wachovia Bank in the amount of $18,771.41.

On August 9, 2005, [Appellant] was charged with crimes arising from his use of the credit card of a third person repeatedly over the span of nine (9) weeks to steal $7,283.86 from Chase Manhattan Bank and also with having possession of a stolen motor vehicle. On February 6, 2006, [Appellant] pled guilty to violating 18 Pa.C.S.A. § 4106(a)(3), access device fraud, and 18 Pa.C.S.A. § 3928, unauthorized use of automobiles and other vehicles. For the former offense, the Honorable William R. Carpenter on that date sentenced [Appellant] to five (5) years of county probation and to pay restitution to Chase Manhattan Bank in the amount of $7,283.86 within the first fifty-two (52) months of supervision. For the latter offense, Judge Carpenter sentenced [Appellant] to two (2) years of county probation, to run concurrently.

Since his first sentencings in 2005 and 2006, [Appellant] was subsequently found to have violated his probation or parole a total of nine (9) times. [Appellant] stipulated to having violated his probation or parole on March 14, 2016; July 25, 2007; July 1, 2011; May 9, 2012; January 3, 2013; August 27, 2014; April 17, 2015; September 24, 2015; and February 11, 2016.

On October 11, 2016, [Appellant] appeared before the [revocation court] for a contested Gagnon II hearing. The Commonwealth sought to prove that [Appellant] violated his parole in either of four (4) ways: (1) for committing violence against his ex-girlfriend; (2) for getting arrested for committing violence against his ex-girlfriend; (3) for using marijuana; and (4) for failing to pay fines, costs and/or restitution. Based upon the evidence presented, the [revocation court] found that the Commonwealth had failed to meet its burden to prove that [Appellant] had committed violence against his ex-girlfriend. While the Commonwealth had subpoenaed the ex-girlfriend, and while she had appeared in court and testified at the hearing, her testimony was non-responsive, vague, halting and evasive, and it appeared that she was afraid to testify against [Appellant].

At the October 11, 2016, hearing, the [revocation court] found that the Commonwealth had successfully met its burden to prove that [Appellant] had violated the terms and conditions of his parole in three (3) ways. The first was that [Appellant] was arrested by Norristown Police after his ex-girlfriend went to the police station with apparent wounds reporting that [Appellant] had attacked her. The second was that [Appellant] had used marijuana as evidenced by the urine test done by [Appellant's] parole officer. The third was that [Appellant] failed to pay anything at all in restitution as required ever since his original criminal sentences back in 2005 and 2006.

Accordingly, by order entered on October 11, 2016, [the court] revoked [Appellant's] parole and sentenced [Appellant] to his back time of five (5) months and nineteen (19) days, commitment to date from July 14, 2016, on both files, [with] the sentence[s] to run consecutively [].

[Appellant] filed a timely notice of appeal on November 9, 2016 and a timely concise statement of matters complained of on appeal on November 30, 2016.

Trial Court Opinion, 1/31/17, at 1-3.

Appellant presents one issue for our review:

Did the trial court err in determining that Appellant was in technical violation of the conditions of his parole where (1) his new arrest did not result in a conviction or a finding of responsibility, (2) the evidence was insufficient to establish that he used marijuana, and (3) his failure to pay restitution was not the result of a willful refusal to pay or a failure to make sufficient bona fide efforts?

Appellant's Brief at 5.

In reviewing a revocation of parole, we have explained:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id.* Rather, the only option for a court that decides to revoke parole is to recommit the defendant to

- 3 -

serve the already-imposed, original sentence. *Id.* At some point thereafter, the defendant may again be paroled. *Id.*

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. . . .

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290–91 (Pa. Super. 2008) (footnote omitted). Technical violations of parole can justify revocation. *Commonwealth v. Mitchell*, 632 A.2d 934, 937 (Pa. Super. 1993). "The Commonwealth need only show, by a preponderance of the evidence, that a parolee violated the conditions of his parole." *Id.*

At the revocation hearing, Montgomery County Probation Officer Alicia Mulholland testified to being assigned to supervise Appellant. N.T., 10/11/16, at 6. She identified Appellant's signature on a document with the "rules and regulations for everybody who's currently on probation and parole." *Id.* at 7; Ex. C-1. Ms. Mulholland testified that Appellant signed "several" such documents and that those documents were in his file. N.T. at 8. The document signed by Appellant and admitted into evidence as Exhibit

C-1 stated that Appellant would comply with all laws, pay restitution, and "stay away from any illegal drugs." *Id.* at 9-10. In July of 2016, Ms. Mulholland served Appellant with a "notice of violation letter" as a result of his arrest on assault charges; his June 14, 2016 marijuana-positive urinalysis results[2]; and his ongoing failure to pay restitution. *Id.* at 10-14; Ex. C-2. Ms. Mulholland testified that Appellant was ordered to pay restitution in 2005 and "no payments have been made to date." N.T. at 19. She clarified that Appellant's case was "completed" in 2007 and there were no payments "over the past nine years." *Id.* at 20.

Norristown Police Officer Darren Buckwalter testified to receiving a "walk in" report in from Appellant's girlfriend, who alleged that Appellant assaulted her. N.T., 10/11/16, at 22-23. Officer Buckwalter took photographs of the victim's injuries and Appellant was ultimately arrested. *Id.* at 24-26.

Appellant's girlfriend, Tina Watts, was subpoenaed to testify and stated that she did not "want to talk about it," but conceded that Appellant was at her house on June 30, 2016, and she and Appellant had "a disagreement." *Id.* at 28-30. Ms. Watts also admitted to going to the Norristown police station and making a complaint the next day. *Id.* at 34.

---

[2] Ms. Mulholland testified to being trained to administer urinalysis tests for drugs, and doing so "practically every day." N.T., 10/11/16, at 14-15.

Appellant took the stand and stated that he was in Philadelphia and not in Norristown on June 29 and 30, 2016, when he was alleged to have assaulted Ms. Watt. *Id.* at 38. He admitted that he failed to pay any restitution. *Id.* at 42. Appellant attributed his failure to make any payments to being incarcerated or employed in a commission-only job, and to having child support obligations for his five daughters. *Id.* at 39-41.

On this record, there is no merit to Appellant's sufficiency claim because the evidence – of Appellant's arrest, marijuana-positive urinalysis, and failure for more than a decade to make any payment toward restitution – supports the trial court's determination that Appellant violated his parole. *See* N.T., 10/11/16, at 55-56. The court concluded:

> The Court finds the violation of parole is serious enough to revoke parole, as the conduct of [Appellant] indicates that parole has not been effective to accomplish rehabilitation, nor [has it been a] sufficient deterrent against future anti-social conduct. Parole is hereby revoked.

*Id.* at 61. Accordingly, we find no abuse of discretion by the trial court and affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

- 6 -