J-S10034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK ARTESE | : | |
| | : | |
| Appellant | : | No. 1658 EDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011729-2015

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED MAY 14, 2019**

Appellant, Frank Artese, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his parole only.  For the following reasons, we must vacate and remand for resentencing.

The relevant facts and procedural history of this case are as follows.  On September 30, 2015, Appellant attacked Victim on a street corner.  Appellant punched and kicked Victim until Victim was unconscious.  Victim sustained several injuries as a result of the attack, including a deep laceration on his jaw line and numerous bumps and bruises to his head and body.  Victim also required four staples to the back of his head.  On October 25, 2016, Appellant entered a negotiated guilty plea to simple assault, recklessly endangering another person, and unsworn falsification to authorities.  The court sentenced

_____
*   Retired Senior Judge assigned to the Superior Court.

Appellant to an aggregate eleven and a half (11½) to twenty-three (23) months' incarceration, plus four (4) years' probation. The court ordered Appellant to begin serving his sentence on December 2, 2016, and immediately paroled Appellant to house arrest.

On December 20, 2016, Appellant violated his house arrest. The court held a revocation hearing on January 5, 2017, revoked Appellant's probation, and resentenced Appellant to six (6) to twelve (12) months' incarceration, plus consecutive reporting probation. On February 2, 2017, Appellant filed a motion for early release on parole, which the court granted on February 10, 2017, and reparoled Appellant to house arrest.

Appellant violated the terms of his house arrest again on April 2, 2017. During a revocation hearing on April 18, 2017, the court found Appellant violated his "parole" only but imposed a whole new sentence of 11½ to 23 months' incarceration, plus 4 years' probation. Appellant filed a motion for reconsideration of sentence on May 1, 2017, which the court denied the next day. Appellant filed a timely notice of appeal on May 18, 2017. On June 19, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on July 7, 2017.

Appellant raises the following issue for our review:

> DID NOT THE [SENTENCING] COURT IMPOSE AN ILLEGAL SENTENCE OF 11½ TO 23 MONTHS' CONFINEMENT FOR SIMPLE ASSAULT FOLLOWED BY FOUR YEARS OF PROBATION FOR OTHER OFFENSES FOLLOWING A

REVOCATION HEARING WHERE APPELLANT VIOLATED HIS HOUSE ARREST SENTENCE WHILE ON COUNTY PAROLE FOR SIMPLE ASSAULT AND THE COURT COULD ONLY RECOMMIT APPELLANT ON THIS OFFENSE TO SERVE THE REMAINDER OF HIS PRISON SENTENCE?

(Appellant's Brief at 3).

Appellant asserts the sentencing court had no authority to impose the new sentence of 11½ to 23 months' incarceration, plus 4 years' probation, for a violation of parole only. Rather, Appellant stresses the court was limited to recommitting him to serve the remainder of his incarceration due to the parole-only revocation. Appellant argues the wholly new sentence is illegal. Appellant concludes this Court should remand for resentencing. We agree.

Our review of this issue implicates the following legal principles:

> Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. …
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore,

- 3 -

to recommit the defendant to confinement. …

***Commonwealth v. Kalichak***, 943 A.2d 285, 290-91 (Pa.Super. 2008) (internal citations and footnote omitted). ***See also Commonwealth v. Mitchell***, 632 A.2d 934 (Pa.Super. 1993) (explaining technical violations of parole conditions can justify revocation of parole).

Instantly, when Appellant violated his house arrest for a second time, the court decided to revoke parole only, but the court imposed a whole new sentence of 11½ to 23 months' incarceration, plus 4 years' probation. Because the court chose to find Appellant in violation of his parole only, it should have recommitted him to serve the remainder of his 12-month sentence of incarceration, with credit for time served. ***See Kalichak, supra***. Both the court and the Commonwealth agree this case should be remanded for resentencing. Accordingly, we vacate and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/19