J-S20043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN M. MCCARTER | : | |
| | : | |
| Appellant | : | No. 2404 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001365-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 06, 2020**

Sean M. McCarter appeals from the judgment of sentence entered after the revocation of his parole. He argues that the trial court erred by considering pending charges in Maryland when revoking his parole and by continuing his **_Gagnon II_**[1] hearing _sua sponte_. We affirm.

This case originally stems from a 2017 simple assault case. In November 2017, McCarter pled guilty to simple assault and the trial court sentenced him to 17 days to 23 months in prison. The trial court credited McCarter with time served and granted him immediate parole. Thereafter, in March 2019, McCarter was arrested for violation of his parole due to new criminal charges in Maryland and alleged technical violations. The Maryland charges included operating a motor vehicle without a valid driver's license, knowingly

_____

[1] **_See Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

possessing/transporting an illegal firearm with a loaded magazine, and possession of a controlled substance. The technical violations alleged by the Commonwealth included failing to report to adult probation office, changing address without permission, consuming alcoholic beverages, not paying required fines and costs, and failing to pay restitution.

Following a *Gagnon I* hearing, the revocation court scheduled a *Gagnon II* hearing for May 10, 2019. However, on that date, the court granted McCarter's request to continue the hearing until the disposition of his Maryland charges. However, less than a month later, in a letter dated June 5, 2019, McCarter changed course and asked the revocation court to proceed with his *Gagnon II* hearing. Thus, the court commenced a *Gagnon II* hearing on July 17, 2019, at which time defense counsel informed the court that Maryland authorities had refused to take McCarter back to Maryland due to his outstanding Pennsylvania detainer. Therefore, McCarter requested that his hearing proceed even though his Maryland charges were unresolved. However, McCarter contended that the court should not consider the pending Maryland matter because he had not yet been convicted and he intended to vigorously oppose the charges.

The court noted that McCarter had not filed a formal motion to modify the May 10, 2019 order continuing the case until the resolution of the Maryland charges. As such, the revocation court continued the hearing for an additional five days, until July 22, 2019, to provide the Commonwealth with the opportunity to produce documentation regarding McCarter's Maryland

charges. At the continued **Gagnon II** hearing on July 22, 2019, the revocation court admitted a Maryland affidavit of probable cause and a police report for McCarter's Maryland charges ("statement of charges"), without objection. McCarter's parole officer then gave a statement to the court about McCarter's technical violations, also without objection.

The court entered an order and judgment of sentence finding McCarter in violation of his parole, revoking his parole, and requiring him to serve the balance of his sentence, 22 months and 13 days in prison. McCarter filed the instant timely appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court responded with a Pa.R.A.P. 1925(a) opinion on October 7, 2019.

McCarter raises the following issues for review:

1. Whether the trial court erred by imposing an illegal sentence for violation of parole, based upon an insufficient record, which consisted of unproven out-of-state conduct for pending charges that had not resulted in conviction, and no specific findings as to any technical violations.

2. Whether the trial court erred by continuing, *sua sponte*, the violation proceedings on July 17, 2019 so that the Commonwealth could obtain a statement of [McCarter's] pending Maryland charges, after the proceedings had previously been continued pending determination of the out-of-state charges, and when there was no [sic]

McCarter's Br. at 5.

In his first issue, McCarter argues that the revocation court erred by finding him in violation of his parole. Primarily, McCarter argues that the court erred by concluding that he violated the conditions of his parole by his alleged conduct that formed the basis of his Maryland charges. McCarter points to our

Supreme Court's decision in **Commonwealth v. Infante**, 888 A.2d 783 (Pa.

2005), *abrogated on other grounds by* **Commonwealth v. Foster**, 214 A.3d

1240 (Pa. 2019), as instructive. McCarter avers that in **Infante** our Supreme

Court indicated that the preferred course of action in similar circumstances is

for the revocation court to postpone the review of pending charges to avoid

the possibility of unjust revocation. McCarter also contends that the revocation

court erred by finding him in technical violation of his parole because the court

failed to make any specific findings regarding his alleged violations. He argues

in the alternative that the "evidence was not properly taken as to either the

out-of-state conduct *or* the technical violations." McCarter's Br. at 13

(emphasis in original).

When reviewing a revocation court's decision to revoke parole, appellate

courts must determine whether the court erred as a matter of law.

**Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa.Super. 1993). In

addition, we are mindful of the following well settled legal precepts regarding

parole revocations:

> In order to support a revocation of parole, the
> Commonwealth need only show, by a preponderance of the
> evidence, that a parolee violated his parole. . . . [T]he
> primary purpose of a parole revocation hearing is not to
> determine whether the parolee has, in fact, been convicted
> of a crime, rather its purpose is to determine
> whether…parole remains a viable means of rehabilitation
> and deterring future antisocial conduct. Further, violations
> of failing to report and not residing at a given address could,
> alone, be cause for parole revocation. A "technical violation"
> of parole results from a violation of parole conditions.

*Id.* (citations and internal quotations omitted). *See* Pa.R.Crim.P. 708(B)(2) (a court shall not revoke parole unless there has been "a finding of record that the defendant violated a condition of…parole").

"Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence." *Commonwealth v. Kalichak,* 943 A.2d 285, 290 (Pa.Super. 2008) (citation omitted). Thus, "[f]ollowing parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Id.* at 291. For this reason, McCarter's phrasing of his first issue in terms of an "illegal" sentence is inapt.

Moreover, contrary to McCarter's assertions, the revocation court did specifically find McCarter committed technical violations of the conditions of his parole. *See* Tr. Ct. Op., 10/7/19, at 5 n.9. The court found that McCarter failed to report to the probation department on multiple occasions and moved/changed his address without permission and without informing the court. *Id.* These violations were sufficient to constitute technical violations of the conditions of McCarter's parole. *See Mitchell*, 632 A.2d at 936. To the extent McCarter claims the evidence was insufficient to establish technical violations, or that the court improperly admitted evidence of those violations, the trial court heard the parole officer's statement about McCarter's technical violations, and McCarter did not object. *See* Pa.R.A.P. 302(a). Thus, the revocation court was well within its purview in revoking McCarter's parole. *See Mitchell*, 632 A.2d at 936.

- 5 -

Further, McCarter invokes *Infante* to argue that the revocation court erred by considering his pending Maryland charges. In *Infante*, the Pennsylvania Supreme Court concluded, in the context of a probation revocation hearing, that a trial court could defer consideration of pending charges until their resolution and impose a new sentence based upon only technical probation violations. *Infante*, 888 A.2d at 793-94. In the event the pending charges were proven, the *Infante* Court concluded that the violation of probation court could adjust the sentence. *Id.*

However, *Infante* is inapposite because that case concerned the fashioning of a new sentence in the context of a violation of probation. Here, McCarter did not face the imposition of a new sentence but instead only the reinstatement of his previously imposed sentence, if the court should revoke his parole. *See Kalichak,* 943 A.2d at 290-91. Hence, because McCarter's parole could properly be revoked based upon technical violations alone, as discussed above, the reinstatement of his previously imposed sentence was the correct course regardless of the ultimate outcome of his Maryland charges.[2] *See id.* Hence, McCarter's first issue on appeal must fail.

---

[2] Although McCarter himself requested that his *Gagnon II* hearing proceed even though his pending Maryland charges had not yet been resolved, he instantly contends that the court erroneously considered the Maryland statement of charges. To the extent that McCarter challenges the trial court's admission of the statement of charges into evidence, that issue is waived due to his failure to object to the admission during his *Gagnon II* hearing. *See* Pa.R.A.P. 302(a) (issues not raised in the trial court are waived for purposes of appellate review).

In his second issue, McCarter presents a brief, thinly developed argument concerning the revocation court's continuance of the July 17, 2019 hearing for five days, until July 22, 2019. McCarter asserts that the court's *sua sponte* continuance was "arbitrary, unwarranted, and an abuse of discretion." McCarter's Br. at 14. While McCarter does not provide any specific reasoning, he seems to imply that had the court not continued the hearing to allow the Commonwealth to provide the Maryland statement of charges, then the revocation court could not have properly found McCarter in violation of his parole. We disagree.

First, because McCarter failed to object to the revocation court's continuing of the hearing, the issue is waived. **See** Pa.R.A.P. 302(a); **Commonwealth v. Houck**, 102 A.3d 443, 451 (Pa.Super. 2014) (stating that "the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." (citation omitted)).

Moreover, even if not waived, McCarter's continuance claim is meritless. Pursuant to Pennsylvania Rule of Criminal Procedure 106(A), "[t]he court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." The trial court has broad discretion in determining whether a continuance should be granted. **Commonwealth v. Simmons**, 56 A.3d 1280, 1285 (Pa.Super. 2012). "Absent a manifest abuse of discretion, which results in prejudice to the

defendant, the trial court's decision [regarding a continuance] will not be reversed on appeal." ***Id.*** (citation omitted).

McCarter does not explain his claim, let alone prove, that the court's short, five-day continuance constituted an abuse of discretion. McCarter also cannot establish that the continuance prejudiced him when, as discussed above, the court was well within its purview to revoke his parole due to technical violations alone, regardless of whether the Commonwealth produced the Maryland statement of charges at the July 22, 2019 continued hearing. Thus, McCarter's second issue on appeal also lacks merit. Accordingly, we affirm the parole revocation court's judgment of sentence.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/20