J-S56030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL DAVIS | : | |
| | : | |
| Appellant | : | No. 1102 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002676-2016.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL DAVIS | : | |
| | : | |
| Appellant | : | No. 1103 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0002671-2016.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL DAVIS | : | |
| | : | |
| Appellant | : | No. 1159 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0002677-2016.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED OCTOBER 8, 2021**

Darryl Davis appeals the judgment of sentence of incarceration imposed following revocation of his probation.  Based on this Court's recent decision in **_Commonwealth v. Simmons_**, 2461 EDA 2018, ____ A.3d ____, 2021 WL 3641859 (Pa. Super.  August 18, 2021) (_en banc_), we vacate the judgment of sentence and remand for further proceedings.

On June 9, 2017, Davis entered into negotiated guilty pleas on three burglary charges.[1]   For each conviction, the court imposed concurrent sentences of 11.5 to 23 months of incarceration, followed by four years of probation.

On April 27, 2018, Davis was **_paroled_**.  Davis last reported to the probation department on May 21, 2018.  Consequently, he was placed on absconder status on June 15, 2018, and a bench warrant was issued.

Several months later, on December 1, 2018, Davis was arrested and charged with aggravated assault and related offenses.  Briefly, these new charges arose from an incident where a woman (the Complainant) came out

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Additionally, Davis pled guilty to three counts of theft.  The court also found that Davis violated probation on a prior simple assault case.  These matters are not at issue on appeal.

- 2 -

of a WaWa with milk on her. The Complainant and Davis were arguing back and forth, and she threw a cup of hot liquid in Davis' face. Davis punched her in the face, knocking her unconscious and causing her to bleed.

A detainer was issued until a violation of **probation** (VOP) hearing could be held on Davis' burglary cases. At the Commonwealth's request, the court deferred Davis' VOP hearing on the burglary cases until after disposition on his new assault charges.

On December 17, 2018, a preliminary hearing was held on Davis' new assault charges. The court held that the Commonwealth did not present sufficient evidence to establish a *prima facie* case.

The Commonwealth moved to refile the charges in the court of common pleas, and a hearing was held on May 16, 2019. The court reviewed the transcript from the original preliminary hearing and commented that there was no aggravated assault considering that the Complainant threw hot liquid on Davis, and he responded with just a single punch. Although the Commonwealth intended to present testimony from the Complainant, after considering her need for Fifth Amendment counsel, the Commonwealth withdrew its motion to refile the charges against Davis. The court granted that motion.[2] N.T., 5/16/[19], at 19.

---

[2] The "Trial Disposition and Dismissal Form" stated that the charges were "Dismissed – LOE" but indicates in the comments that the "Commonwealth motion to withdrawn (sic) the refile is GRANTED. All charges are dismissed lack of evidence." The release of prisoner order provided that the reason for Davis' release was "the "Commonwealth motion to withdraw the refile is GRANTED. All charges are dismissed lack of evidence."

On June 6, 2019, the court conducted Davis' VOP hearing. After taking testimony regarding the December 1, 2018 incident, the court found that Davis violated **probation** based upon both his new assault charges and absconding, and revoked his sentence of probation. The court deferred sentencing.

Ultimately, the court imposed a new sentence of 6 to 12 years of incarceration, followed by three years of probation, on the three burglary cases.[3] Davis filed a post-sentence motion, which the court denied.

Davis filed this timely appeal. Both Davis and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Davis raises the following three issues:

1. After deferring the violation hearing until after the outcome of the open case, did not the court err by disregarding the outcome of the open case, a finding of insufficient evidence of any criminal activity?

2. Was there not insufficient evidence at the violation hearing to sustain the Commonwealth's burden to show that [Davis] committed a new crime?

3. Because [Davis] had not yet begun to serve his consecutively imposed term of probation, did not the lower court lack authority under Pennsylvania law to revoke that probation?

**See** Davis' Brief at 2. We address Davis' third issue first as it is dispositive.

Davis claims that the trial court erred in finding that he violated his probation,

_____

[3] Additionally, he received three years of probation on two of his theft cases to run concurrent to each other and probation for the burglaries. The sentences for those charges are not at issue in this case.

- 4 -

revoking his sentence of probation, and resentencing him to a new term of incarceration. For the reasons set forth below, we agree.

Notably, this Court recently decided **Simmons**, **supra**. In that case, Simmons pled guilty to a firearms violation. The trial court sentenced him to 6 to 23 months in jail, followed by 3 years of probation.

Sometime after, Simmons was paroled. While on parole and before his sentence of probation began, Simmons was arrested for another firearms offense, to which he pled guilty. As a result, the court found that Simmons violated his parole for the first firearms offense and revoked it, anticipatorily revoked his probationary sentence, and resentenced him to 2 ½ to 5 years of incarceration.

On appeal, this Court held that where a trial court sentences a defendant to probation consecutive to a sentence of incarceration, the defendant cannot prospectively violate the conditions of a probationary order before the defendant starts serving his sentence of probation. **Id.** at 10. A defendant's sentence of probation, if imposed consecutive to a sentence of incarceration, does not begin to run until the prior sentence ends. In order to consider whether a defendant violated probation and potentially revoke it, the violation must occur while the defendant is serving his sentence of probation. No statutory authority exists permitting a trial court to anticipatorily revoke, *i.e.* before the sentence of probation has started, an order of probation. **Id.** Consequently, we expressly overruled **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980). **Id.** at 12.

Additionally, we concluded that the trial court illegally sentenced Simmons for his parole violation by imposing a new sentence of incarceration rather than recommitting him to serve the balance of the previously imposed sentence of incarceration. *Id.* (citing **Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993)). Accordingly, we vacated Simmons' judgment of sentence and remanded with instructions that the trial court reinstate the original order of probation and resentence Simmons for his parole violation. *Id.* at 12-13.

Furthermore, the concurrence in **Simmons** elaborated on the differences between parole and probation and the separate statutory authority for each. Thus, when conducting a violation hearing, the court "must question whether the violation hearing is for an alleged violation of parole or violation of probation, as the court's possible sanctions are different." *Id.* at 18.

With these principles in mind, we consider Davis' appeal.

Initially, and importantly, we observe that, when Davis absconded and assaulted the Complainant, he was on parole and not probation. Davis' sentence of incarceration did not max out until March 11, 2019. Consequently, he had not started to serve his sentence of probation. Simply stated, because Davis' violations occurred between May and December 2018, those violations did not constitute **probation** violations.

Nonetheless, the Commonwealth and the trial court treated Davis's violations as violations of his probation. The court issued a notice of probation violation and conducted a probation violation hearing. N.T., 6/6/19, at 5, 24.

At the conclusion of that hearing, the court found that Davis was in technical violation of his probation based upon the assault and his absconding. The court further found that that Davis was not amenable to supervision and was a danger to society, and consequently, revoked his sentence of probation and resentenced him to a new, much lengthier term of incarceration. N.T., 8/13/19, at 14.

Based upon **Simmons**, we agree with Davis that his third issue has merit. Since Davis had not started serving his probation sentence, the trial court could not revoke Davis' sentence of probation or impose a new sentence of incarceration. We, therefore, must vacate Davis' judgment of sentence for violation of probation (6 to 12 years' incarceration plus probation); the court must reinstate his original order of sentence. [4]

Judgment of sentence vacated. Case remanded with instructions to reinstate the original sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2021

---

[4] Furthermore, we note that, if the Commonwealth elects to proceed with a parole violation, and the court finds that Davis violated parole and revokes it, the only sentencing option would be to recommit Davis for the balance of his original sentence of incarceration. **Simmons**, **supra**.