J-S13005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
         :         PENNSYLVANIA
         :
     v.          :
         :
         :
SEAN FAVORS          :
         :
     Appellant      :     No. 2382 EDA 2019

Appeal from the Judgment of Sentence Entered July 19, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002947-2014

BEFORE:    OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED NOVEMBER 15, 2021**

Appellant, Sean Favors, appeals from the judgment of sentence entered

July 19, 2019, as made final by the denial of his post-sentence motion. For

the reasons set forth below, we affirm that aspect of Appellant's judgment of

sentence finding him in violation of parole but vacate his judgment of sentence

to the extent the trial court resentenced him for violating the supervisory

conditions of a probationary sentence that had not yet commenced.

The facts and procedural history relevant to the current appeal are as

follows. On June 18, 2015, Appellant entered an open guilty plea to one count

of robbery, graded as a felony of the first degree, and one count of criminal

---

[*] Retired Senior Judge assigned to the Superior Court.

conspiracy to commit robbery, graded as a felony of the first degree.[1] Trial Court Opinion, 8/14/20, at 2. On September 9, 2015, the trial court imposed a negotiated sentence of one and one-half years to three years of incarceration with credit for time served followed by a consecutive four-year period of probation.[2] *Id.* at 3.

On August 7, 2018, Appellant stipulated to a violation of his probation. N.T. Violation of Probation/Parole (VOP) Hearing, 8/7/18, at 9. The VOP court revoked Appellant's probation and resentenced him to the recommended period of three months to 23 months of incarceration with credit for time served followed by a consecutive one-year period of probation.[3] *Id.* at 9-10. The trial court granted Appellant parole by order entered August 15, 2018. *See* Trial Court Order, 8/15/18. Appellant began his parole on September 2, 2018. *Id.* Under the terms of his new sentence, Appellant would remain on parole until May 20, 2020, at which time Appellant would begin serving his one-year probationary sentence. *Id.*

---

[1] 18 Pa.C.S.A. § 3701(A)(1)(i), and 18 Pa.C.S.A. § 903, respectively.

[2] The court sentenced Appellant to the above sentence on both counts, each to run concurrent to one another. *See* Trial Court Opinion, 8/14/20, at 3.

[3] The VOP court again imposed the same sentence for both counts, each to run concurrent to one another. *See* N.T. VOP Hearing, 8/7/18, at 10.

On July 18, 2019 and July 19, 2019, the VOP court held a contested **Gagnon**[4] hearing[5] to consider allegations stemming from an incident on November 21, 2018 in which Appellant was again alleged to have violated the conditions of his probation. Trial Court Opinion, 8/14/20, at 1. The VOP Court found that the Commonwealth met its burden of proof that Appellant violated the terms of his parole and probation. **Id.** at 7. Consequently, the VOP court imposed the following:

> The sentence as to [both counts for which Appellant was originally sentenced], parole is revoked and no action taken on the back time. [Appellant's] probation and parole are revoked. He is to undergo a period of imprisonment for not less than [three-and-one-half] years nor more than [seven] years in such state correctional institution as shall be designated by the Deputy Commissioner for Programs, Department of Corrections, and sent to [State Correctional Institution] Phoenix for this purpose, commitment to date from February 10, 2019. These will be concurrent sentences[.]
>
> He is further sentenced to a two-year probation to run consecutive to the expiration of his parole.

N.T. Contested **Gagnon** Hearing, 7/19/19, at 32.

---

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[5] The trial court heard testimony on July 18, 2019. The following day, the trial court stated its findings of fact on the record and found that the Commonwealth "more than adequately met its burden by a preponderance of the evidence." N.T. Contested **Gagnon** Hearing, 7/19/19, at 15. Based on our review of the certified record including the notes of testimony, it is clear that the trial court treated the two-day hearing as both a **Gagnon I** and **Gagnon II** hearing. Appellant, however, did not take issue with the trial court failing to make a specific finding of probable cause pursuant to a **Gagnon I** hearing before proceeding to a **Gagnon II** hearing.

Appellant filed a post-sentence motion for reconsideration of sentence. After hearing additional testimony by Appellant's girlfriend, Sarina Sampson, the VOP court denied Appellant's motion. This appeal followed.[6]

Appellant raises the following issues on appeal:

1. Is a [sentence comprised of three and one-half] to seven years of total confinement plus two years of probation a manifestly unreasonable and excessive sentence where the VOP court was primarily focused on Appellant's perceived propensity for violence rather than Appellant's rehabilitative needs or the fact that the Philadelphia District Attorney's Office declined to prosecute the

_____

[6] After the VOP court granted an extension, Appellant timely filed a concise statement of errors complained of on appeal on September 23, 2019 pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 14, 2020. Thereafter, on June 21, 2021, this Court granted Appellant's request for remand for the sole purpose of supplementing his concise statement pertaining to the applicability of this Court's recent holding in *Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. Jun. 4, 2021). Appellant filed a supplemental concise statement with the VOP court the following day. The VOP court issued a supplemental 1925(a) opinion and both Appellant and the Commonwealth filed supplemental briefs addressing the issue raised in Appellant's supplemental concise statement.

On August 23, 2021, Appellant again requested this Court to grant a remand for the purpose of supplementing his concise statement with a challenge to the legality of his revocation sentence pursuant to *Commonwealth v. Simmons*, - - A.3d - -, 2021 WL 3641859 (Pa. Super. Aug. 18, 2021) (*en banc*), which was filed after Appellant's supplemental briefing deadlines. Because *Simmons* raised issues pertaining to the legality of a sentence and this Court may review such issues *sua sponte* and without regard to preservation in the lower court, we denied Appellant's second application to file a supplemental concise statement and brief on September 3, 2021. *See Commonwealth v. Strafford*, 194 A.3d 168, 172 (Pa. Super. 2018) ("This [C]ourt may review issues regarding the legality of sentence *sua sponte*."); *Commonwealth v. Weir*, 239 A.3d 25, 34 (Pa. 2020) ("Where a claim concerns the sentencing court's authority to impose a sentence, it is reviewable as of right on direct appeal, without regard to preservation of the claim.").

Appellant for the incident that formed the basis of the violations of his supervision[?]

2. Whether the sentencing court violated 42 Pa.C.S.[A.] § 9754(b) when it originally sentenced Appellant on September 9, 2015 and resentenced him on August 7, 2018 by failing to attach, or communicate to him in any manner, the specific conditions of his supervision, requiring that Appellant's July 19, 2019 VOP sentence for violating the conditions of his supervision be vacated?

*See* Appellant's Brief, 12/23/20, at 3; Appellant's Supplemental Brief, 8/11/21, at 4 (combined for clarity).

Based on Appellant's second application for relief and pursuant to our authority to raise certain issues *sua sponte*, we first analyze the legality of the sentence imposed upon Appellant pursuant to our recent holding in **Commonwealth v. Simmons**, - - A.3d - - , 2021 WL 3641859 (Pa. Super. Aug. 18, 2021) (*en banc*).

In **Simmons**, an *en banc* panel of this Court overruled prior precedent first articulated in **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980) (holding that a VOP court may anticipatorily revoke an order of probation and resentence accordingly prior to the commencement of probationary supervision). In reviewing the applicable statutes, the **Simmons** Court determined that when a trial court imposes an order of probation to run consecutive to a term of confinement, the defendant is "required to serve his entire term of total confinement before he beg[ins] to serve his probationary term." *Id.* at \*8. Thus, the conditions of an order of probation "cannot take effect until the term of imprisonment ends." *Id.* at

- 5 -

*9. Accordingly, where an appellant is on parole[7] and his probationary period has yet to begin, a trial court cannot anticipatorily find that appellant in violation of the conditions of his probation. *Id.* at *12.

Here, as described above, Appellant was on parole, and not probation, on November 21, 2018 when the incidents giving rise to his violation occurred. Consequently, the VOP court lacked authority to find that Appellant violated a condition of his probationary sentence before it commenced. *See id.* at *9. As such, the VOP court erred in resentencing Appellant for anticipatory violation of his probation. As the VOP court possessed only the authority to find Appellant in violation of parole, we are constrained to vacate Appellant's judgment of sentence to the extent the court resentenced him for a probation violation.

The penalty for a violation of county parole is not imposition of a new sentence but, rather, recommitment for "the balance of a valid sentence previously imposed." *Id.* at *12 (quoting *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993)); *see also* 42 Pa.C.S.A. § 9776(e). Appellant has neither raised nor developed a claim alleging that the VOP court

---

[7] In a secondary opinion, a member of the *en banc* panel noted that while on parole, an inmate is still considered to be incarcerated. *Id.* at *15 (Kunselman, J., concurring), *quoting* **Com. ex rel. Banks v. Cain**, 28 A.2d 897, 900 (Pa. 1942) ("While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term. While this is an amelioration of punishment, **it is in legal effect imprisonment**.") (emphasis in original; further quotation omitted).

erred in finding him in violation of his parole. Thus, we affirm Appellant's judgment of sentence to the extent it revoked his parole. Moreover, in light of our holding pursuant to **Simmons**, we decline to address the precise issues enumerated by Appellant as moot.

Judgment of sentence affirmed, in part, and vacated, in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021