J-A18012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL PAUL CAIN | |
| Appellant | No. 1041 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000064-2020

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED:  December 1, 2022**

Appellant Michael Paul Cain appeals from the August 18, 2021 judgment of sentence entered in the Court of Common Pleas of Jefferson County ("trial court"), following the revocation of his parole and probation.  Upon review, we vacate and remand.

The facts and procedural history of this case are undisputed.  Briefly, on July 1, 2020, following a guilty plea, the trial court sentenced Appellant to an aggregate term of three days to two years less one day in prison, followed by three years and one day of probation.  In particular, the trial court sentenced Appellant to three months to two years less one day, followed by three years plus one day of probation for theft by unlawful taking under 18 Pa.C.S.A. § 3921(a).  The court imposed an identical term of incarceration and probation for driving under the influence (DUI) with child pursuant to 75 Pa.C.S.A.

§ 3802(d)(2). Finally, the trial court sentenced Appellant to two years' probation for criminal mischief under 18 Pa.C.S.A. § 3304(a)(5). The sentences at each count were to run concurrently.

On September 11, 2020, the trial court issued an order granting Appellant's petition for parole. On December 8, 2020, while on parole, Appellant tested positive for, and admitted use of, methamphetamine. As a result, he was charged with a technical violation of his parole. On December 10, 2020, the trial court conducted a *Gagnon II*[1] hearing at which Appellant admitted to the technical violation. The trial court added a condition to Appellant's parole that he "remain incarcerated in the Jefferson County Jail" and "undergo a mental health evaluation." Trial Court Order, 12/10/20.

On July 15, 2021, while still on parole, Appellant was charged with additional technical violations. It was alleged that he failed to give a urine sample on July 8, 2021, refused mental health treatment and failed to continue with his drug and alcohol counseling. Following another *Gagnon II*

---

[1] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-82.

hearing, on August 4, 2021, the trial court found Appellant committed the technical violations. On August 18, 2021, the trial court revoked Appellant's probation, resentencing him to three and one-half to seven years' imprisonment for theft by unlawful taking, two and one-half to five years in prison for DUI, and one year to two years' imprisonment for criminal mischief. The new sentences were ordered to run concurrently.[2] Following resentencing, Appellant requested the appointment of a public defender for purposes of filing an appeal. On August 20, 2021, the trial court appointed counsel.

On August 24, 2021, Appellant filed a post-sentence motion, challenging the legality of his new sentence under **Commonwealth v. Simmons**, 262 A3d 512 (Pa. Super. 2021) (*en banc*). The trial court denied the motion. Appellant appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents two issues for our review:

[I.] Whether an anticipatory revocation of probation and resulting sentence is illegal in light of [**Simmons**] when sentence is handed down the same day as **Simmons**.

[II.] Whether the aggregate sentence of incarceration handed down August 18, 2021 is manifestly excessive and inflicts too severe a punishment as it is disproportionate and contrary to the fundamental norms underlying the sentencing process, as the sentence in length is not appropriate, not individualized to

---

[2] We note that Appellant waived his right to counsel at each proceeding conducted in connection with his parole violations.

- 3 -

Appellant and fails to give due weight and consideration to Appellant's rehabilitative needs and mental condition.

Appellant's Brief at 4.

Here, as indicated above, the trial court imposed a split sentence upon Appellant on July 1, 2020. Consistent with that sentence, Appellant was to serve an aggregate term of three days to two years less one day in prison, followed by three years and one day of probation. After Appellant was charged with technical violations of his parole for the second time on July 15, 2021, the trial court revoked the probation portion of his split sentence, resentencing him to an aggregate of term of three and one-half to seven years' imprisonment. Relying on **Simmons**, Appellant now argues that the trial court erred in anticipatorily revoking the probation portion of his split sentence.

Appellant's challenge to the trial court's ability to anticipatorily revoke his probation raises a challenge to the legality of sentence. **Simmons**, 262 A.3d at 515. As such, our standard of review is *de novo* and our scope is plenary. **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014), **appeal denied**, 121 A.3d 494 (Pa. 2015).

At the time the trial court found Appellant in violation of parole and probation, and at the time of his resentencing, this Court's precedents held that a trial court could anticipatorily revoke a defendant's probation. **See Commonwealth v. Wendowski**, 420 A.2d 628, 630 (Pa. Super. 1980). However, on August 18, 2021, the day when the trial court resentenced Appellant, this Court issued an *en banc* decision in **Simmons** overruling these

precedents. *See Simmons*, 262 A.3d at 523.[3] We concluded that a court cannot anticipatorily revoke a defendant's probation when the defendant has allegedly violated probation while serving parole. *Id.* at 523-27. In other words, where, as here, a court has imposed a sentence of probation to be served consecutive to a term of incarceration and a defendant commits a crime while on parole, the trial court may find only a violation of parole. Thus, because Appellant was serving his parole when the trial court revoked his probation, we must find in Appellant's favor. Indeed, the Commonwealth and the trial court agree. Commonwealth's Brief at 2-3; Trial Court Opinion, 12/20/21, at 1-2. We, therefore, vacate Appellant's judgment of sentence and remand this case "with instructions to reinstate the original order of probation." *See Simmons*, 262 A.3d at 527-28 (citing *Commonwealth v. Griggs*, 461 A.2d 221, 225 (1983)). As a final matter, with respect to the revocation of Appellant's parole, since the trial court revoked Appellant's parole and illegally resentenced him to serve a new term of incarceration, we also must remand for resentencing.[4] *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993) ("the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that—a

---

[3] Our Supreme Court granted an allowance of appeal in *Commonwealth v. Rosario*, 271 A.3d 1285 (Pa. 2022), to review the *Simmons* decision.

[4] Given our disposition, we need not address Appellant's discretionary aspect of sentencing claim, which has been rendered moot.

recommittal and not a sentence. Further, at a 'violation of parole' hearing, the court is not free to give a new sentence.") (citations and some capitalization omitted).

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2022