J-S31037-21
J-S31038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED WITTS | : | |
| | : | |
| Appellant | : | No. 196 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 6, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0311351-2004


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED WITTS | : | |
| | : | |
| Appellant | : | No. 197 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 6, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0700421-2005


BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED OCTOBER 26, 2021**

In these two consolidated appeals, Rasheed Witts (Witts) seeks *nunc pro tunc* direct appellate review of a judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  In 2012, the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court sentenced him to an aggregate prison term of 10 to 20 years, followed by 10 years of probation. At the time of that sentencing, Witts had been serving county parole as to all three counts, and at sentencing, parole was revoked, as was a term of probation that had not yet commenced. Witts argues here on appeal that the sentence he received was manifestly excessive and imposed without due consideration of proper sentencing factors. However, we need not evaluate those claims because he is entitled to appellate relief based on our interpretation of the Sentencing Code in the recent opinion, **Commonwealth Simmons**, 2461 EDA 2018 (Pa. Super. August 18, 2021) (*en banc*). Pursuant to our holding in **Simmons**, Witts' judgment of sentence must be vacated so that the original sentencing order may be reinstated.

## I.

Witts received immediate county parole on August 26, 2005, when he entered guilty pleas in two matters as to the three original counts that are now at issue. In case number CP-51-CR-0311351-2004, Witts pleaded guilty to possession with intent to deliver a controlled substance (PWID) and criminal conspiracy. In case number CP-51-CR-0700421-2005, he pleaded guilty to another count of PWID. As to these three counts, he was sentenced to concurrent county jail terms of 11.5 to 23 months, but with immediate parole. A one-year term of reporting probation was to follow. As a condition of parole,

Witts was ordered to earn his GED, receive job training, seek and maintain employment, pay fines and costs and refrain from drug use and sales.

Witts struggled to abide by the terms of his parole over the next several years. Within the parole period, he was charged with new counts of PWID both on October 19, 2005, and July 17, 2006. He pleaded guilty and received a sentence of intermediate punishment on those new counts, and on November 22, 2006, the trial court found him in violation of parole and probation as to the three original counts.[1] In effect, the trial court reset the sentence that had initially been imposed, as Witts again received three concurrent county jail terms of 11.5 to 23 months as to each count. Witts once more received immediate parole, and the consecutive period of probation was extended from one year to three years. This sentence was set to run concurrently with the sentences imposed in Witts' new cases. Witts was ordered to earn his GED, receive job training, seek and maintain employment, pay fines and costs and refrain from using and selling drugs.

On May 8, 2008, the trial court found Witts in violation of his parole and probation as to three original counts because he tested positive for several

---

[1] The trial court apparently found Witts in violation of probation at times when he was still serving parole and probation had not yet begun. As discussed in further detail below, anticipatory revocation of probation, based on a parole violation, is prohibited by the Sentencing Code, *see Commonwealth v. Simmons*, 2461 EDA 2018 (Pa. Super. August 18, 2021) (*en banc*), as is a modification of the original county sentence to a term of confinement beyond county time. *See id*.

- 3 -

controlled substances. Parole and probation were revoked and Witts was sentenced to concurrent county jail terms equivalent to the back time remaining on his initial sentence.[2] However, yet again, the trial court effectively reset the terms that had originally been imposed by granting immediate parole to house arrest on the three counts, followed by three years of probation.[3] Moreover, the trial court warned Witts that any new convictions would result in harsher sanctions, including consecutive prison terms on his three original counts.

Once again within the parole period, Witts was charged with new offenses on November 2, 2009 (PWID), January 21, 2010 (knowing possession of a controlled substance), and May 25, 2010 (providing false identification).

_____

[2] Witts had accumulated little if any credit for jail time as to the three counts at issue here because he was granted immediate parole every earlier occasion in which he was found in violation. Each time parole was revoked and reinstated on the original counts, nearly the full county term of confinement was imposed.

[3] If the parolee violates his county parole by committing a new crime, as was the case here, the trial court may "on cause shown by the probation officer that the inmate has violated his parole, recommit and reparole the inmate in the same manner and by the same procedure as in the case of the original parole[.]" 42 Pa. C.S. § 9776(e). In the present case, the trial court clarified that as to the sentence imposed in 2008, Witts was given immediate parole to house arrest on all three subject counts, "plus three years reporting probation to follow[.]" Sentencing Transcript, 2/6/2012, at p. 7; **see also** Trial Court 1925(a) Opinion, 11/2/2012, at 2-3 ("On May 8, 2008, this Court found [Witts] in technical violation of his probation because of his positive testing for illegal substances, immediately revoked his parole and ordered him to serve his back time, plus three years reporting probation.").

He was found guilty of all three new counts and he received 18 months of probation as to the simple possession count, three to six years of state prison time as to the PWID count, and no further penalty on the false identification count.

We now come to Witts' most recent sentence, which he challenges on appeal. On February 6, 2012, the trial court held a hearing to determine whether Witts violated the terms of his parole/probation. The new criminal convictions were undisputed. Moreover, Witts' supervisory officer noted that Witts had failed to report, complete drug and alcohol treatment, seek employment and pay fines and costs.

Witts' counsel presented three letters to the trial court, including one from Witts' employer and a member of Witts' community. It was argued that this evidence established that Witts had genuinely attempted to improve his life and honor the terms of his parole. Counsel requested the trial court to sentence Witts to concurrent county terms on his three original counts, making them concurrent to the sentence imposed in 2011. The Commonwealth agreed that it would be appropriate to sentence Witts concurrently as to the three original counts, but requested that those terms be made consecutive to those imposed in the unrelated 2011 case.

The trial court found Witts in violation of parole (and probation) and he was then sentenced even more harshly than the Commonwealth had requested. For each of the two original counts of PWID, Witts was sentenced

to consecutive prison terms of 5 to 10 years, to be served consecutively to the separate sentence he received in 2011. As to the original count of conspiracy, Witts was sentenced to a consecutive 10-year term of probation. Thus, for the three original counts, Witts was given an aggregate prison term of 10 to 20 years, followed by 10 years of probation, all made consecutive to the sentence in the unrelated case.[4]

Witts appealed the judgment of sentence *nunc pro tunc* and it was affirmed. **See Commonwealth v. Witts**, 1321 EDA 2012 (Pa. Super. June 28, 2013) (unpublished memorandum). In 2013, Witts timely filed a petition for post-conviction relief, seeking allocatur before the Pennsylvania Supreme Court. The petition was granted but allocatur was denied. **See Commonwealth v. Witts**, 253 EAL 2017 (Pa. 2017).

Witts filed another post-conviction petition in 2018 seeking to appeal discretionary aspects of his sentence, *nunc pro tunc*, on the ground that his prior counsel had been ineffective in waiving the issues. This petition was denied, but on appeal from that ruling, this Court granted relief, allowing Witts' present appellate challenge to go forward. **See Commonwealth v. Witts**, 860 EDA 2019 (Pa. Super. December 7, 2020) (unpublished memorandum).

---

[4] Witts was made eligible for Recidivism Risk Reduction Incentive and was recommended for drug treatment during incarceration.

Witts now raises the same two issues in each of his consolidated appeals:

1. Whether the sentencing court abused its discretion by imposing a sentence after a probation violation that was not based upon the gravity of the violation, the extent of [Witts'] record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa.C.S. Section 9721 of the Sentencing Code.

2. Whether the sentencing court abused its discretion by entering a manifestly excessive sentence to such a degree that the imposition of consecutive sentences establishes evidence of the court's bias or animus toward [Witts].

Appellant's Brief, at 7.

In response, the Commonwealth argues that this Court lacks jurisdiction to address the merits of these issues because Witts failed to raise a substantial question regarding the terms of his sentence. The Commonwealth also contends that the sentence should be affirmed because the trial court acted within its discretion in imposing an aggregate term within the statutory maximum after considering all relevant sentencing factors.

**II.**

It is unnecessary for us to reach the merits of the claims Witts has raised on appeal because he is entitled to appellate relief for the reasons outlined in **Simmons**, an analogous case decided by an *en banc* panel of this Court earlier this year. Below, we will highlight the instant facts pertinent to sentencing upon a violation of county parole, and then explain why, in light of those facts, relief is due pursuant to **Simmons**.

First, as a preliminary matter, we note that the sentencing issues at play are ones that this Court may consider *sua sponte*. "[C]hallenges to an illegal sentence can never be waived and may be raised *sua sponte* by this Court." **Simmons**, 2461 EDA 2018, at fn.3 (quoting **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013)) (quotations and citations omitted). Accordingly, the validity of the revocation of Witts' parole and probation, the terms of the resentencing, and the trial court's authority to impose a new sentence upon a parole/probation violation, are all intertwined legal issues that are now reviewable despite not having been raised on appeal by the parties. **See id**.[5]

In **Simmons**, a majority *en banc* panel of this Court held that a defendant's judgment of sentence had to be vacated because the trial court had gone beyond its statutory authority in revoking probation and resentencing the defendant upon the revocation before probation had begun. There, the defendant had been sentenced at the outset to a county jail term of 6 to 23 months, followed by 3 years of probation. He was granted parole, but soon was charged and found guilty of additional crimes. At the violation

---

[5] "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 889-90 (Pa. Super. 2015).

hearing, the trial court revoked the defendant's parole and probation and he was resentenced to a prison term of 2.5 to 5 years.

The judgment of sentence was initially affirmed on direct appeal, but upon the defendant's request for reconsideration, this Court convened *en banc* to ascertain whether the trial court had exceeded its authority by revoking probation before the defendant had begun serving it. This Court's reasoning was grounded in its interpretation of the Sentencing Code in effect at the time of the defendant's sentencing.[6]

Essentially, the majority construed the Sentencing Code to require that when a defendant is serving parole and a term of probation has been made *consecutive* to the period of confinement, the terms of probation cannot be violated, much less revoked, because probation is not yet in effect. **See id**. at **9-11. The formerly common practice of anticipatory revocation of probation was ended, at least under the version of the Sentencing Code in effect at the time.[7]

_____

[6] There are no material distinctions between the version of the Sentencing Code interpreted in **Simmons** and the version in effect at the time of Witts' sentencing on February 6, 2012. **Compare** 42 Pa.C.S. § 9721(a) (effective September 4, 2012 to December 17, 2019) (statute interpreted in **Simmons**), **with** 42 Pa.C.S. § 9721(a) (effective September 4, 2012 to December 17, 2019) (effective December 27, 2010 to September 3, 2012).

[7] This conclusion was directly contrary to the holding in **Commonwealth v. Wendowski**, 420 A.2d 628 (Pa. Super. 1980). That earlier precedent was, therefore, overruled by the *en banc* **Simmons** majority. **See Simmons**, 2461
*(Footnote Continued Next Page)*

Since the defendant in **Simmons** had been resentenced upon a revocation of probation that had not yet commenced, the resulting judgment of sentence had to be vacated. The trial court was directed to reinstate the original order of probation and then to resentence the defendant accordingly. **See id**. at **12-13; **also id**. at **14-19 (Kunselman, J., concurring) (explaining that the sole penalty for a violation of county parole is recommitment under the originally imposed period of county confinement).

The facts of Witts' case are completely in line with the circumstances that warranted relief in **Simmons**. As to the three original counts in case numbers CP-51-CR-0311351-2004 and CP-51-CR-0700421-2005, Witts was found in violation of the parole granted on November 22, 2006. At the violation hearing on May 8, 2008, the trial court revoked parole and sentenced Witts to a county term of total confinement on all counts. However, on that same date, Witts received immediate parole with house arrest and a 3-year probation period was set to run *consecutively* to confinement.

On February 6, 2012, the trial court found Witts in violation of parole and probation. Crucially, the violation was based on new crimes committed on November 2, 2009; January 21, 2010; and May 25, 2010. These dates fell

---

EDA 2018, at *8 ("We conclude that the holding of **Wendowski** and its progeny contravene the plain language of the relevant statutes. As such, **Wendowski** and its progeny are overruled.").

within the period of parole granted on May 8, 2008, as to all 3 of the original counts.[8]

When Witts was then resentenced in 2012 based on those parole violations, the trial court modified the original sentencing order. Whereas he had earlier received county time on all three counts, the trial court sentenced him to consecutive terms of 5 to 10 years on each PWID count, followed by 10 years of probation as to the conspiracy count. In sum, the trial court found Witts in violation of probation before the probationary period had begun and then resentenced him to a harsher penalty as a sanction for that violation.

*Simmons*, therefore, mandates that we vacate Witts' judgment of sentence at case numbers CP-51-CR-0311351-2004 and CP-51-CR-0700421-2005 so that the original probation order can be reinstated.[9] On remand,

_____

[8] Although none of the sentencing orders or pertinent transcripts precisely state the end date of the parole granted on May 8, 2008, it is clear from the trial court's subsequent *revocation* of parole that it was still running as of the time of the subject resentencing in 2012, and that the period of probation was set to run consecutive to the periods of confinement as to which Witts was given parole.

[9] In addition to the improper anticipatory revocation of probation, Witts' sentence was also illegal because it was modified from county time to state time. As Judge Kunselman explained in the *Simmons* concurrence, the penalties for a parole violation are much different than those for a probation violation. A defendant found in violation of parole must be recommitted to confinement as directed by the original judgment of sentence. Where a defendant has been originally sentenced to a term of county confinement (under two years), as Witts was in this case, the trial court has no statutory authority to resentence the defendant to state time (more than two years)
*(Footnote Continued Next Page)*

Witts must be resentenced in accordance with **Simmons** and the original probation order. **See id.** at *12 (quoting **Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 1993) ("the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that – a recommittal and not a sentence. Further, at a 'violation of parole' hearing, the court is not free to give a new sentence.").

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021

_____

upon a violation of county parole. **See Simmons**, 2461 EDA 2018, at **14-19 (Kunselman, J., concurring). "[I]f the parolee violates his county parole by committing a new crime . . . the legislature provided that the trial court may 'on cause shown by the probation officer that the inmate has violated his parole, recommit and reparole the inmate in the same manner and by the same procedure as in the case of the original parole[.]" **Id**. at *16 (quoting 42 Pa.C.S. § 9776 (e)).