J-S41027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ANTHONY LAPENNA | : | |
| | : | |
| Appellant | : | No. 543 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 6, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000656-2014

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 18, 2024**

Appellant, Justin Anthony Lapenna, appeals from the judgment of sentence entered April 6, 2023, as made final by the denial of his motion for reconsideration on May 1, 2023, after the trial court found him in violation of his parole.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 17, 2015, Appellant entered a guilty plea to criminal conspiracy (to commit possession with intent to deliver, "PWID") and two counts of PWID.[1]  That same day, the trial court sentenced Appellant to an aggregate term of 42 to 84 months' state incarceration, followed by 36 months of probation.  Appellant did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903(a)(1); 35 P.S. § 780-113(a)(30), respectively.

Thereafter, Appellant was released on parole.[2] He was later alleged to be in violation of his parole and a parole revocation hearing was held on April 6, 2023. *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). At the hearing, Appellant and his parole officer, Nicholas Shope, testified. Ultimately, the trial court found Appellant to be in violation of the terms and conditions of his supervision, revoked his parole, and recommitted him to state incarceration to serve his full back time "to the newly calculated maximum date of [December 17, 2023]." N.T. Hearing, 4/6/23, at 38. Appellant filed a motion for reconsideration on April 14, 2023, which the trial court denied on May 1, 2023.

Appellant filed a timely notice of appeal on May 3, 2023. Thereafter, on May 10, 2023, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b). Trial Court Order, 5/10/23. Appellant filed his 1925(b) statement on June 8, 2023. The trial court addressed the issues raised by Appellant in its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

1. Whether the [trial] court erred in imposing an illegal state sentence against [Appellant even though he would reach the maximum date of confinement on his original sentence in less than two years?]

---

[2] Appellant testified that he was paroled after five and one-half years' incarceration. N.T. Hearing, 4/6/23, at 16. As such, Appellant was released from incarceration in February 2021.

- 2 -

2. Whether the [trial] court erred by imposing a sentence that exceeded the scope and confines of justice and fairness, given the record from the [**Gagnon II**] hearing[?]

Appellant's Brief at 4.

We note, as an initial matter, that Appellant's Rule 1925(b) concise statement was untimely filed.[3]  Ordinarily, the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925.  Any issues not raised in a 1925(b) statement will be deemed waived.").

Importantly, however, Rule 1925(c)(3) of the Pennsylvania Rules of Appellate Procedure states:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a [concise s]tatement and either failed to do so, or untimely filed or served a [concise s]tatement, such that the appellate court is convinced that counsel has been *per*

---

[3] On May 10, 2023, the trial court ordered Appellant to file a Rule 1925(b) statement within 21 days of the docketing of the order, *i.e.*, on or before May 31, 2023.  Trial Court Order, 5/10/23, at *1 (unpaginated).  Despite the trial court's order, Appellant filed his Rule 1925(b) statement on June 8, 2023, eight days after the trial court ordered him to do so.

*se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a [concise s]tatement *nunc pro tunc*, and the preparation and filing of an opinion by the judge

Pa.R.A.P. 1925(c)(3); *see Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (declining to find the appellant's claims waived on appeal in view of Pa.R.A.P. 1925(c)(3)).

In this instance, we determine that Appellant's counsel, by filing an untimely 1925(b) statement, was *per se* ineffective.[4] In addition, we note that the trial court did not comment on the untimeliness of Appellant's Rule 1925(b) statement and, in fact, addressed the issues raised therein. We therefore decline to remand this matter for the preparation of a trial court

_____

[4] On January 9, 2024, Appellant's counsel, Anthony Kattouf, Esquire filed an application for reargument pursuant to Pa.R.A.P. 2541, *et. seq*, in which he claimed, *inter alia*, that he never received the trial court's May 10, 2023 1925(b) order and, instead, received a subsequent 1925(b) order dated May 26, 2023. Attorney Kattouf, therefore, argued that a breakdown in the judicial system occurred and requested this Court to "recalculate the time limit for his filing accordingly." Appellant's Application for Reargument, 1/9/24, at *1 (unpaginated). We decline to do so for the following reason.

A review of the trial court docket and certified record reveals that trial court's 1925(b) order was sent to counsel of record the day it was entered, May 10, 2023. Hence, this order complied with Pa.R.A.P. 108(a)(1) ("[T]he date of entry shall be the day the clerk of court . . . mails or delivers copies of the orders to the parties[.]") and Pa.R.A.P. 108(d)(1) ("In determining the date of entry of criminal orders, subdivision (a)(1) shall apply[.]"). It is apparent, however, that the May 10, 2023 1925(b) order was sent to a Michael Brandon Cohen, Esquire, Appellant's previous counsel, who entered his appearance in 2014 and never withdrew as counsel. It is also apparent that Attorney Kattouf never formally entered his appearance. Hence, the fact that Attorney Kattouf did not receive the May 10, 2023 1925(b) order appears to be a direct result of his failure to enter his appearance, not a breakdown in the court system.

opinion and will address the merits of Appellant's claims. ***See Commonwealth v. Andrews***, 213 A.3d 1004, 1010 (Pa. Super. 2019) (declining to find the appellant's claims waived pursuant to Pa.R.A.P. 1925(c)(3) and declining to remand to the trial court because the trial court addressed the issues raised in the appellant's untimely 1925(b) statement).

In Appellant's first issue, he raises a challenge to the legality of his sentence. Our standard of review is well-settled:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.  If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.

***Commonwealth v. Hughes***, 986 A.2d 159, 160–161 (Pa. Super. 2009), *appeal denied*, 15 A.3d 489 (Pa. 2011) (citations and quotation marks omitted).

Herein, Appellant claims that the trial court imposed an illegal sentence by recommitting him to state incarceration as opposed to a county prison. Appellant's Brief at 8-10.  In support of his claim, Appellant cites to 42 Pa.C.S.A. § 9762(b), arguing that, because the remainder of his maximum sentence is less than two years, Section 9762(b)(3) mandates commitment to a county prison. ***Id***.  We disagree.

In reviewing a challenge to a revocation of parole, this Court has consistently stated:

[T]here is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

**Commonwealth v. Kalichak**, 943 A.2d 285, 290-291 (Pa. Super. 2008)

(citations and footnote omitted).

The commitment of persons sentenced to total or partial confinement is governed by Section 9762(b), which states:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:

(i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b)(1)-(3).

Herein, the maximum term of Appellant's original sentence was 84 months' incarceration, *i.e.*, seven years. Hence, pursuant to Section 9762(b)(1), Appellant was committed to state incarceration. Because the trial court's "only option" after determining that Appellant violated the terms of his parole was to "recommit [Appellant] to serve the already-imposed, original sentence," the trial court correctly recommitted Appellant to state incarceration. *Kalichak*, 943 A.2d at 290. Indeed, the mere fact that the remaining portion of Appellant's maximum sentence will be served in less than two years is of no consequence because the trial court was bound by the terms of Appellant's original sentence. Accordingly, Appellant's claim fails.[5]

_____

[5] As stated previously, Appellant filed an application for reargument on January 9, 2024. In his application, Appellant contended that this Court "misunder[stood] the procedural history underlying Appellant's case." Appellant's Application for Reargument, 1/9/24, at *1 (unpaginated). In particular, Appellant claimed he maxed out his original, seven-year state sentence of incarceration, began serving the probationary tail of his original sentence, and later violated the terms of his probation. Thus, according to Appellant, a probation revocation hearing was held on September 23, 2022, during which Appellant was resentenced to time-served to 12 months' incarceration. Because this new sentence had a maximum term of less than two years, it was a county sentence. Appellant then avers that he was

*(Footnote Continued Next Page)*

In Appellant's second issue, he argues that the trial court erred in revoking his parole. Appellant's Brief at 15. Appellant points to his testimony during the April 6, 2023 hearing, which indicated, *inter alia*, that he "was homeless during the coldest months of the year," had "no transportation," his "dietary accommodations" were "refused . . . during his stay in inpatient rehab" which ultimately led to his exit and, finally, that he "had not committed any new criminal offenses for several years prior to the parole supervision he was under." ***Id.*** at 15-16. Based upon the foregoing, Appellant claims that parole remained a viable option and the trial court abused its discretion by recommitting him to incarceration to serve the balance of his sentence.

_____

immediately paroled following the September 23, 2022 hearing and that he subsequently violated the terms of his parole at his new sentence which was imposed for violating the probationary tail of his original, 2015 punishment. According to Appellant, then, the April 6, 2023 parole revocation hearing concerned Appellant's new sentence, not his original sentence. Based upon all of the foregoing, Appellant asks this Court to find that the trial court erred in sentencing him to state incarceration, as opposed to county prison, to serve the remainder of the sentence imposed on September 23, 2022.

On its face, this argument appears plausible in light of ***Kalichak***, ***supra***, and the provisions of 42 Pa.C.S.A. § 9762(b)(1)-(3). Appellant, however, failed to include the transcripts from the September 23, 2022 revocation hearing or the sentencing order in the certified record. "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case." ***Eichman v. McKeon***, 824 A.2d 305, 316 (Pa. Super. 2003)(citation omitted). Indeed, it is equally settled that it "is the responsibility of the appellant to provide a complete record to the appellate court on appeal" and that any "document which is not part of the official certified record is considered to be non-existent." ***Id.*** We are therefore unable to act on the claims asserted in Appellant's application for re-argument and, instead, are bound by the certified record, which compels us to review this matter as a violation of the terms of Appellant's parole on his original, seven-year state sentence.

As previously stated, in order to find an individual in violation of parole, the trial court is required to "determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order." *Kalichak*, 943 A.2d at 290 (citation omitted). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." *Id.* at 291. Importantly, technical violations of parole, like the failure to report or not living at a given address, alone, are sufficient to support a parole revocation. *Commonwealth v. Mitchell*, 632 A.2d 934, 937 (Pa. Super. 1993).

Herein, the trial court summarized the testimony provided during the April 6, 2023 hearing as follows:

> Testimony at [the] hearing from [Appellant's parole] officer, Nicholas Shope[] was that on September 29, 2022, [Appellant] missed a scheduled office appointment. On October 13, 2022, he [tested] positive for the use of methamphetamine. He denied usage. The [sample was resubmitted to the lab, which] confirmed usage on October 19, 2022. On November 3, 2022, [Appellant] missed a scheduled office appointment. On November 17, 2022, [Appellant] verbally admitted to the use of opiates, cocaine and methamphetamine. On December 1, [2022, Appellant] filled out a voluntary admission for the use of opiates. On December 4, 2022, [Appellant] was discharged from Pyramid rehabilitation facility after he left the facility against their advice and left the property. On December 8, 2022, [Appellant] missed a scheduled office appointment[. O]n December 9[, 2022,] officers did a home visit [and] found [Appellant] hiding in his bedroom. At that time, he filled out a voluntary admission for the use of methamphetamine. [Appellant then] missed office appointments on December

- 9 -

> 15[th] and 29[th], as well as January 5[th] and January 12[th] of 2023.

Trial Court Opinion, 6/26/23, at 2; *see also* N.T. Hearing, 4/6/23, at 3-4. A review of the aforementioned testimony reveals that Appellant committed a myriad of technical violations, including failing to report and continued substance abuse. We therefore conclude that, based upon Appellant's technical violations, Appellant's claim that the trial court erred in revoking his parole and ordering him to serve the balance of his sentence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 3/18/2024